UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

RAY PETERSON,

    *Plaintiff*,

vs.

DOUBLETREE HOTELS, LLC,
d/b/a Bahia Mar Fort Lauderdale,
a Doubletree by Hilton Hotel,

    *Defendant*.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, DOUBLETREE HOTELS, LLC, d/b/a Bahia Mar Fort Lauderdale, a Doubletree by Hilton Hotel (Defendant")[1], by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby files this Notice of Removal and states the following in support:

### **INTRODUCTION**

1. On or about June 27, 2024, Plaintiff, RAY PETERSON ("Plaintiff") filed an Amended Complaint against Defendant in the 17th Judicial Circuit Court, in and for Broward

---

[1] As early as July 30, 2024, Defendant has notified Plaintiff the correct party is Doubletree Management LLC, not DOUBLETREE HOTELS, LLC, d/b/a Bahia Mar Fort Lauderdale, a Doubletree by Hilton Hotel. However, Plaintiff has failed to respond to Defendant's interest in entering into a Joint Stipulation to Substitute Party. Nevertheless, in an abundance of caution, as Doubletree Management LLC is the proper party, a citizen of another state than that of Plaintiff, and Plaintiff's claims are related to a federal civil right, Defendant files this Notice of Removal within the time period prescribed by the Federal Rules.

County, Florida, Case No. CACE-24-008620 (the "State Court Action"). *See* Plaintiff's Amended Complaint, attached as **Exhibit "A"**.

2. On or about July 15, 2024, Defendant was improperly served with a 20 Day Corporate Service Summons and Amended Complaint in the State Court Action because Defendant is not qualified to do business in the jurisdiction served. *See* Service of Process, attached as **Exhibit "B"**.

3. This Notice of Removal is filed in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, within the time allowed by law for the removal of federal causes of action. *See* 28 U.S.C. § 1446(b).

4. Here, Plaintiff alleged a claim for negligence against Defendant due to injuries Plaintiff sustained on Defendant's premises, after slipping and falling in a shower of his hotel room. *See* Exhibit "A". In addition, Plaintiff alleged a claim for negligence per se against Defendant because Defendant advised Plaintiff that due to his age and appearance, he did not appear to require an ADA compliant room and was told that the room he would be given would be sufficient. *Id*.

5. To state a claim under the ADA, a plaintiff must plausibly allege that (1) plaintiff is disabled within the meaning of the ADA, (2) defendant is a place of public accommodation, and (3) defendant discriminated against plaintiff by denying plaintiff a full and equal opportunity to enjoy goods and services provided by defendant. *See Brown v. Whole Foods Mkt. Grp., Inc*., 789 F.3d 146, 151 (D.C. Cir. 2015); *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010); *Camarillo v. Carrols Corp*., 518 F.3d 153, 156 (2d Cir. 2008).

6. A plaintiff can satisfy the last element by alleging that the defendant failed to make a requested reasonable modification that was necessary to accommodate the plaintiff's

disability. *Brown*, 789 F. 3d at 150; *accord Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1010–11 (9th Cir. 2017).

7. The general removal statute, 28 U.S.C. § 1441, provides that "except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States." 28 U.S.C. § 1441(a). The critical requirement for removal is that the claim be within the federal court's original, not necessarily exclusive, jurisdiction.

8. The plain language of § 1441(a) shows that today, all federal claims, whether of an exclusive or concurrent jurisdictional nature, may be removed to federal court unless there is an express statutory prohibition against doing so. *See, e.g., Hopwood v. Sunrise Ford, Inc.*, 2012 U.S. Dist. LEXIS 149499 (S.D. Fla. 2012) (although the court remanded an employee's claim for workers' compensation retaliation according to the Florida Workers' Compensation Act, Fla. Stat. § 440.205, the court retained jurisdiction of employee's two claims under the Federal Medical Leave Act, 29 U.S.C. § 2615).

9. A state action may be removed to federal court based on original federal question jurisdiction if the action is founded on a claim or right arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b).

10. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 because Plaintiff asserts federal question claims under the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 et seq. ("ADA").

11. Accordingly, the federal court has subject matter jurisdiction based on Plaintiff's requests for relief. *Roman v. Hooters Spring Hill, Inc.*, No. 8:16-cv-01332-T-24 MAP, 2016 U.S. Dist. LEXIS 190087, at *5-6 (M.D. Fla. July 8, 2016).

## VENUE AND JURISDICTION

12. The United States District Court, for the Southern District of Florida, Fort Lauderdale Division, is the proper division for this action because the original pleadings have all been filed in the 17th Judicial Circuit Court in and for Broward County, Florida. Thus, removal is proper pursuant to 28 U.S.C. § 1441.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(b), because: (1) there is complete diversity of citizenship between Plaintiff and the proper party, Doubletree Management LLC; (2) the amount-in-controversy requirement is met; and (3) all other requirements for removal have been satisfied.

14. In addition, this Court has supplemental jurisdiction over the state court claims, according to 28 U.S.C. § 1367(c). While supplemental jurisdiction is a matter of discretion for the district court, such discretion should generally be exercised when advantages of judicial economy, convenience, and fairness to litigants weigh in favor of hearing the claims simultaneously. *Hagans v. Lavine*, 415 U.S. 528, 546 (1974); *Promise v. First American Artificial Flowers*, 943 F.2d 251, 254 (2nd Cir. 1991), *cert. denied*, 502 U.S. 1060 (1992); *Hess v. St. Joseph Police Pension Fund*, 788 F. 2d 1344, 1346 (8th Cir. 1986).

15. Under 28 U.S.C. § 1367(a), a federal court "shall have" supplemental jurisdiction over any state-law claim that forms "part of the same case or controversy" as a claim over which the court has original jurisdiction, 28 U.S.C. § 1367(a). Under this provision, the existence of supplemental jurisdiction is either present or not. The existence of supplemental jurisdiction is not something that a court has "discretion" to recognize; if a state-law claim falls within the limits established by the supplemental jurisdiction statute, the court is thereby vested with supplemental

jurisdiction to hear that claim. *See McLaurin v. Prater*, 30 F. 3d 982, 984-85 (8th Cir. 1994) (noting that "shall" does not mean "may").

16. For purposes of § 1367(a), claims are "part of the same controversy" when they "derive from a common nucleus of operative facts." *Tamiami Partners, Ltd. V. Miccosukee Tribe*, 177 F.3d 1212, 1223 (11th Cir. 1999). When all claims, state and federal, arise from a common core of operative facts, there is no likelihood of confusion nor substantial factual distinctions.

17. A claim "arises under" Federal law if (1) Federal law creates the cause of action or (2) plaintiff's right to relief depends upon resolution of a substantial question of Federal law. *See, e.g., Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

18. Although Plaintiff asserts relief under a state law tort claim, and he fails to properly articulate his claim under the Americans with Disabilities Act of 1990, as amended 42 U.S.C.A. § 12101 et seq, Plaintiff asserts federal question claims under ADA in his Amended Complaint because he is requiring the Court to interpret and apply the federal statute as it relates to the hotel's refusal to provide Plaintiff an ADA compliant room; as such, removal is proper under either theory of removal.

## BASIS FOR REMOVAL

### I. There is Complete Diversity Between Plaintiff and Proper Party, Doubletree Management LLC.

19. As addressed in the above footnote, Defendant is not a proper party because it is not the owner or possessor of the subject premises.

20. Doubletree Management is the proper party to this action.

21. There is complete diversity of citizenship between Plaintiff and Proper Party, Doubletree Management LLC.

22. Plaintiff was and is a resident of Portland, Oregon and is otherwise sui juris as he was injured due to the negligence of others in Broward County, Florida. *See* **Exhibit "A"**. Plaintiff is a citizen of Oregon.

23. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also WMMobile Bay Env't Ctr., Inc. v. City of Mobile Solid Waste Auth.*, 672 F. App'x 931, 933 n.1 (11th Cir. 2016). A limited liability company is a citizen of every state in which its members are citizens. *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F. 3d 1020, 1022 (11th Cir. 2004).

24. Proper Party, Doubletree Management LLC, is a limited liability company organized under the laws of Virgina with its principal place of business in McLean, VA. Doubletree Management LLC is therefore a citizen of Virginia.

25. Because Plaintiff is a citizen of Oregon and Doubletree Management LLC is a citizen of Virginia, complete diversity of citizenship exists. *See* 28 U.S.C. §§ 1332, 1441.

## II. The Amount-In-Controversy Requirement is Met.

26. Plaintiff's Amended Complaint satisfies the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

27. Plaintiff alleged an amount-in-controversy that "exceeds $50,000.00, exclusive of interest, costs, and attorneys' fees. *See* **Exhibit "A"**.

28. Where the complaint does not establish a specific amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061-62 (11th Cir. 2010)

("[I]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.' . . . If a defendant alleges that removability is apparent from the face of a complaint, the district court . . . [may] make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." (citations omitted)).

29. Federal courts routinely find that the amount-in-controversy requirement is satisfied where, as here, a plaintiff alleges serious bodily injury. *See, e.g., Robertson v. Exxon Mobil Corp.*, 814 F. 3d 236, 241 (5th Cir. 2015) (holding that serious medical injuries alleged . . . supported deduction that amount-in-controversy requirement was met); *see also Mullaney v. Endogastric Sols., Inc.*, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011) (same).

30. Although Removing Defendant denies that Plaintiff is entitled to any damages, it is facially apparent from the allegations in the Amended Complaint that the amount-in-controversy exceeds $75,000.00.

### III.     This Removal is Timely.

31. This action is being removed "within thirty days after receipt by [Removing Defendant] . . . of a copy of an amended pleading . . . or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### IV.     All Other Requirements for Removal are Satisfied.

32. Proper Party, Doubletree Management LLC, consents to removal. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b)(2)(A).

33. A copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Court of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida,

as required by 28 U.S.C. § 1446(d). *See* a copy of the Notice of Filing Notice of Removal (without exhibits), attached hereto as **Exhibit "C"**.

34. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action, Defendant attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed with the State Court Action, as **Composite Exhibit "D"**.

35. If any questions arise regarding the propriety of the removal to this Court, Defendant requests the opportunity to present a brief and be heard at oral argument in support of removal.

36. Defendant reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant, DOUBLETREE HOTELS, LLC, d/b/a Bahia Mar Fort Lauderdale, a Doubletree by Hilton Hotel, respectfully requests that the action now pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. CACE-24-008620 be removed to the United States District Court, of the Southern District of Florida, Fort Lauderdale Division.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the Service List, this <u>2nd</u> day of August, 2024.

> LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
> *Attorneys for Defendant*
> 110 SE 6th Street, 20th Floor

        Fort Lauderdale, FL 33301
        Telephone:  (954) 761-9900
        Facsimile:  (954) 761-9940

By: */s/ Lindsay C. Tropnas*
    DANIEL J. SANTANIELLO, B.C.S
    Florida Bar No.: 860948
    FRANKLIN H. SATO
    Florida Bar No.: 57077
    Lindsay C. Tropnas
    Florida Bar No.:  1003699
    LUKSFLL-Pleadings@LS-Law.com

## SERVICE LIST

***Counsel for Plaintiff***
Alexander Karantzalis,  Esq.
Florida Bar No. 124755
The Law Offices of A.K. Esquire, PLLC
500 NE 4th Street, Suite 201
Fort Lauderdale, FL 33301-2100
Telephone: 954-548-3558
Alexander@akesquire.com